IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JOSHUA TILLER | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-14-143 |
| | § | |
| HIGMAN BARGE LINES, INC. | § | |

## OPINION AND ORDER

Although the Parties have agreed to issue Notice to Higman's relevant vessel tankermen, a dispute remains over whether their telephone numbers must be disclosed in addition to the other information provided. This Court has carefully considered this matter and it now issues this Opinion and Order.

While the judicial opinions cited by the Parties tend to be concerned with privacy interests, the underlying, often unspoken objection is the suspicion that improper solicitation of clients will result from the disclosure of personal telephone numbers. Given the relative ease with which private telephone numbers can be ascertained, it is this underlying suspicion that most concerns this Court as well. However, this Court tends to share the opinions of Judge Kennelly that the Plaintiff's "interest in locating and contacting similarly situated employees outweighs the limited privacy interest in a home telephone number; and that Plaintiff's counsel, if ordered to do so, can be trusted to use the telephone numbers only in the event a Notice recipient's contact information turns out to be unsuccessful. Russell v. Illinois Bell Telephone Co., 575 F.Supp. 2d 930, 939 (N.D. Ill. 2008)   That trust obviates

the need for employing a third-party to place the calls. Moreover, the limited use of the home telephone numbers, if any, will best serve the goals of the conditional certification procedure of the FLSA.

It is, therefore **ORDERED** that Higman's "Motion in Opposition to Disclosure of Telephone Numbers of Potential Class Members" (Instrument no. 24) is **DENIED**.

It is further **ORDERED** that Higman **SHALL** promptly provide counsel for Plaintiff with the relevant tankermens' telephone numbers.

It is further **ORDERED** that Plaintiff's counsel **MAY NOT** contact a potential Plaintiff by phone unless the mailed Notice and emailed Notice, if any, to that person are returned as undeliverable, with no forwarding address.

It is further **ORDERED** that any authorized telephone contact with a potential Plaintiff **SHALL** be for the limited purpose of determining the best alternative address to which the Notice might by sent.[1]

**DONE** at Galveston, Texas, this ____16th____ day of July, 2014.

John R. Froeschner
United States Magistrate Judge

---

[1] This Court has earnest doubt that an unalterable scripted inquiry would prove to be an effective method of communication; the Court, again, trusts counsel to follow the intent of its Orders.